UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| United States of America, | No. 13-cr-20913 |
|---|---|
| Plaintiff, | Hon. Paul D. Borman |
| v. | VIO: 18 U.S.C. § 1349 |
| D-4 Rebecca Higgins | (Conspiracy to Defraud Medicare) |
| Defendant. | |

SUPERSEDING INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

GENERAL ALLEGATIONS

1. The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United State Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3. The Medicare Program included coverage under two primary components, hospital insurance (Part A) and medical insurance (Part B). Part B of the Medicare Program covered the costs of physicians' services and other ancillary services not covered by Part A. Part B of the Medicare program covered a limited set of medications, including medications that were administered via infusion and that were furnished as part of a physician service. Infusion treatments involved the administration of medication through a catheter into the bloodstream.

4. Medicare Part B was administered in Michigan by Wisconsin Physician Services ("WPS"), a company that contracted with CMS to receive adjudicate, process, and pay certain Part B claims.

5. Payments under the Medicare Program were made directly to a provider of the goods or services, rather than to the beneficiary. This occurred when the provider submitted the claim to Medicare for payment, either directly or through a billing company.

6. A Medicare claim was required to set forth, among other things, the beneficiaries' name, the date the services were provided, the cost of the services, and the name and identification number of the physician or other health care provider who ordered the services. In order to receive reimbursement for a covered service from Medicare, a provider must submit a

2

claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92), containing the required information appropriately identifying the provider, beneficiary, and services rendered, among other things.

## COUNT ONE

*(18 U.S.C. § 1349-Conspiracy to Defraud Medicare)*

7. Paragraphs 1 through 6 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

8. From in or around February 2009 through in or around December 2010, Raymond Arias and REBECCA HIGGINS did willfully and knowingly combine, conspire, confederate and agree with each other and others, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

## Purpose of the Conspiracy

9. It was the purpose of the conspiracy for the defendant, REBECCA HIGGINS, Raymond Arias, and others to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare, the receipt and transfer of the proceeds from the fraud; and (c) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

## Manner and Means

10. The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

11. Defendant REBECCA HIGGINS would assist in the submission of over $10 million in false and fraudulent claims by Elite and Carefirst, seeking reimbursement for the costs of infusion and injection therapy and other services that were not medically necessary and were not actually provided.

12. Elite and Carefirst would receive from Medicare over $5.9 million for false and fraudulent claims.

13. Defendant REBECCA HIGGINS forged documents and medical files which were used to support the fraudulent claims submitted to Medicare.

14. Defendant REBECCA HIGGINS was aware that HIV+ Medicare beneficiaries were not receiving the treatments as represented in claims submitted by Elite and Carefirst to Medicare.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(7))

15. The allegations contained above are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of any property, real or personal obtained by the defendant, REBECCA HIGGINS by commission of the offense charged in Counts 1-7 pursuant to the provisions of Title 18, United States Code, Sections 982(a) and (a)(7).

16. Pursuant to Title 18, United States Code, Sections 982(a) and (a)(7), upon conviction of REBECCA HIGGINS for any of the offenses charged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the health care fraud offense and or involved in the laundering of monetary instruments.

17. If the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2) and (a)(7), as a result of any act or omission of the defendants:

5

i. cannot be located upon the exercise of due diligence;

ii. has been transferred or sold to, or deposited with, a third party;

iii. has been placed beyond the jurisdiction of the Court;

iv. has been substantially diminished in value; or

has been commingled with other property that cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek to forfeit any other property of the defendants up to the listed value.

BARBARA L. MCQUADE
United States Attorney


s/Wayne F. Pratt
Assistant United States Attorney
Chief, Health Care Fraud Unit


s/Philip A. Ross
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
(313) 226-9790
Philip.Ross@usdoj.gov

September 5, 2014

**ORIGINAL**

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number<br>13-cr-20913 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## Reassignment/Recusal Information
This matter was opened in the USAO prior to August 15, 2008 [ ]

| **Companion Case Information** | **Companion Case Number:** N/A |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** N/A |
| ☐ Yes  ☒ No | **AUSA's Initials:** |

Case Title: USA v.  SALADRIGAS, et. al.

County where offense occurred :  Wayne & Oakland

Check One:    ☒ Felony    ☐ Misdemeanor    ☐ Petty

____Indictment/____Information --- **no prior complaint.**
____Indictment/____Information --- **based upon prior complaint** [Case number:                    ]
____Indictment/____Information --- **based upon LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** 13-cr-20913      **Judge:** Paul D. Borman

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Rebecca Higgins | 18 U.S.C. Sections 1349 | |

---

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

September 5, 2014
Date

*[signature]*
PHILIP A. ROSS
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9790
Fax:    (313) 226-2621
E-Mail address: philip.ross@usdoj.gov
Attorney Bar #: N/A

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

04/13